WALTER L. FRYER, Appellant, v. BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, MISSOURI, and HUGH R. ENNIS, MALCOLM BLISS, HERBERT T. HILSCHER, THOMAS C. BOURKE, and FRANK P. LOGAN, Respondents, No. 41101—222 S. W. (2d) 761.

Division Two, July 11, 1949.

Rehearing Denied, September 12, 1949.

*W. B. Brewster, R. T. Brewster* and *Brewster, Brewster & Brewster* for appellant.

*David M. Proctor,* City Counselor, and *Guy W. Rice,* Assistant City Counselor, for respondents.

WESTHUES, C.—The question presented is whether the contemplated use of Lot 47, Blue Hills Addition in Kansas City, Missouri, is permitted by the city zoning ordinance. The Commissioner of Buildings and Inspections issued a permit which on appeal was revoked by respondent, the Board of Zoning Adjustment. Appellant Fryer brought certiorari and the circuit court reversed the order of the respondent board. The court, however, sustained a motion for a new trial and Fryer appealed to this court.

Appellate jurisdiction is in this court because the value of Fryer's investment is over $7,500.

Appellant Fryer leased the lot in question for the purpose of operating what is referred to in the record as a "drive-in" serving root beer and ice cream. Fryer obtained a permit from the Commissioner of Buildings and Inspections and proceeded to let contracts for the purpose of erecting the necessary building, constructing driveways, and making other improvements. Much of this work had been completed when a property owner gave notice of and took an appeal from the order granting Fryer a permit with the result as above stated.

The sole question is whether Fryer's contemplated use of the lot is permitted by the following portion of the zoning ordinance:

"Sec. 58-8. Class U-3 use districts—Retail business—Class U-3 aa. In a class U-3 aa district no building or land shall be used, and no building shall be erected, altered or enlarged, which is arranged, intended or designed for a use other than one of the following uses:

(1) Any use included in class U-2.

(2) Retail trades or shops for custom work; hotels; banks; offices; studios; telephone exchanges; business or commercial schools; buildings used for municipal or governmental purposes; restaurants; theaters; moving picture shows; beauty shops; barber shops; clinics; wholesale sales offices or sample rooms; radio repair shops; fix-it shops or tea rooms; public parking stations or lots for passenger cars; gasoline and oil filling stations, after approval of their design by the city plan commission; ticket offices for railroad, steamship, bus and aviation lines; other businesses of the character enumerated above; . . ."

The territory in which the lot in question is located was zoned under Class U-3 aa. Respondents contend that a "drive-in" cannot

be classified as a restaurant while appellant contends it is within the classification of the ordinance.

We do not find the word "drive-in" defined in Webster's Dictionary. We do find a "drive-in service station" as the subject of controversy in Bauer v. Board of Fire and Police Com'rs., 132 A. (N.J.) 515. It was ruled that such station came within the classification of motor vehicle service stations. The "drive-in" which appellant seeks to operate would consist of a small building surrounded by parking space where customers would park and remain in their cars and would be served root beer and ice cream. This would necessitate driveways crossing the sidewalks. There can be no doubt that the establishment would not be a restaurant as ordinarily is understood by the word. See 54 C. J. 729, 730, Sec. 1; Cecil v. Green, 60 Ill. App. 61. That does not mean that such a business is prohibited within the territory zoned under Class U-3aa. It will be noted that the ordinance, after naming various trades and businesses permitted in the zone says, "other businesses of the character enumerated above." Now the question is whether a "drive-in" such as Fryer desires to operate comes within the provisions of the ordinance. We think it does. Gasoline and oil filling stations are specifically named. Such stations require driveways over the sidewalks the same as appellant's business. It is said that a "drive-in" would cause cars to be parked upon the lot in question. We call attention that the ordinance permits the operation of public parking stations or lots for passenger cars. Such lots are occupied by cars and such lots require driveways crossing the sidewalks. Theaters and picture shows are within the permitted class. Such places of amusement draw numerous cars which are parked upon the streets or parking lots until late into the night. Restaurants are permitted where ice cream and root beer and many other articles are sold. We find nothing inherent in the character in the business appellant seeks to establish that is not present in the permitted trades and businesses named in the ordinance. It is urged that there would be boisterous conduct on the part of the patrons of the "drive-in" and that paper napkins would be strewn and blown over the neighborhood. All these things are possible at the other establishments permitted by the ordinance. Certainly a filling station or a restaurant can be so conducted as to become a detriment to the neighborhood. Such nuisances, if permitted by the operators, can and ought to be taken care of under the police power of the city. There is no more reason to suspect that appellant would so conduct his business than that the owners of other named occupations would do so.

We hold that appellant's contemplated business is not prohibited by the ordinance but that it is within the classification as defined by the ordinance. It is evident that the lot is in territory zoned for various businesses. To exclude appellant would be arbitrary and

unreasonable. In City of Richmond Heights v. Richmond Heights Memorial Post Benevolent Ass'n., 358 Mo. 70, 213 S. W. (2d) 479, 1. c. 480 (2-4), this court·said:

"In any event the regulation and restriction into districts must be reasonable, uniform or universal and nondiscriminatory, the restrictions having a fair tendency to accomplish or aid in the accomplishment of some purpose for which the city may exercise its power."

When the territory in question was zoned there were then in operation in the territory a "drive-in" of the character appellant desires to conduct, a filling station, a restaurant, and various other businesses. The ordinance itself reflects the purpose to be accomplished. The territory was not limited to dwellings but many small businesses were expressly permitted. Appellant's proposed business would not interfere with the purpose to be accomplished by the zoning ordinance. It is within the permitted class. Cases supporting the conclusion reached are: ˙ City of Richmond Heights v. Richmond Heights Memorial Post Benevolent Ass'n., supra; Fairmont Investment Co. v. Woermann, 357 Mo. 625, 210 S. W. (2d) 26, 1. c. 30 (4); State ex rel. v. Christopher, 317 Mo. 1179, 298 S. W. 720, 1. c. 726 (4-6); State of Washington ex ▮ rel. v. Roberge,· 278 U. S. 116, 86 A. L. R. 654, Extended Annotations beginning at page 659.

Respondents devoted much of their brief to the contention that a "drive-in" such as appellant desires to operate would not be a restaurant. That may be conceded. Respondents also contend that since "Allen's Drive-in" was located in this zone when the ordinance was passed it must be classified as a lawful nonconforming use. The conclusion we have reached makes it unnecessary to consider this fact. We have concluded that appellant's business would be of the same character as those named in the ordinance and, therefore, within its terms.

The order of the trial court granting a new trial is hereby reversed and the cause is remanded to the trial court with directions to ˴set aside the order granting a new trial and to reinstate the judgment originally entered. It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.